Cory A. Santos, Sr., Esq.
Nevada State Bar No.: 8247
Cory@santoslawoffices.com
Theresa M. Santos, Esq.
Nevada State Bar No.: 9448
tsantos@santoslaw.attys.pro
SANTOS LAW, PLLC.
One East First St., Ste. 1000
Reno, NV 89501
Office: (775) 323-1084; Fax: (702) 456-5130

Attorneys for Plaintiff, Robin Ward

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBIN WARD,<br><br>Plaintiff,<br><br>vs.<br><br>PANASONIC CORPORATION OF NORTH AMERICA, and DOES 1-50, inclusive<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)** |

COMES NOW, Plaintiff, Robin Ward (herein "PLAINTIFF") and files this civil action against Defendants, and each of them, for violations of the Family Medical Leave Act, 29 U.S.C §2601 et. seq., Americans with Disabilities Act, 42 U.S.C. 12101 et seq., as well as violations under Nevada Revised Statutes §613.330 et seq.; and related claims under Nevada law, seeking damages, and alleges as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction and venue over this action pursuant to the Family Medical Leave Act, 29 U.S.C §2601 et. seq., the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., and 28 U.S.C. §§ 1331, 1343,which confer original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

///

2. Jurisdiction of this Court is also appropriate under any related claims under Nevada law.

3. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4. Plaintiff has exhausted her administrative remedies.

5. All conditions precedent to jurisdiction under 29 U.S.C §2601 et. seq., and 42 U.S.C. §12101 et seq., have occurred or been complied with:

    a. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein and/or within 300 days of Plaintiff instituting proceedings with a state or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein;

    b. A Notice of Right to Sue in Federal Court was received from the EEOC, dated July 19, 2022. (A true and correct copy of said letter is attached and incorporated herein as Exhibit "1".).

6. This complaint is filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

7. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

8. Plaintiff, ROBIN WARD, was a qualified/eligible "employee" of Defendant, PANASONIC CORPORATION OF NORTH AMERICA within the meaning of The Americans with Disabilities Act, 42 U.S.C. §12101 et seq and Nevada Revised Statutes §§ 608.010 and 613.010 et seq.; and related claims under Nevada law.

9. Defendant, PANASONIC CORPORATION OF NORTH AMERICA is a foreign limited liability company qualified to do business in Nevada. Defendant employs 50 or more

1  employees and is an "employer" within the meaning of The Family Medical Leave Act, 29 U.S.C
2  §2601 et. seq., The Americans with Disabilities Act, 42 U.S.C. §12101 et seq and Nevada Revised
3  Statutes §§ 608.010 and 613.010 et seq.; and related claims under Nevada law. Defendant has
4  offices located at Two Riverfront Plaza, Newark, NJ 07102.

   10.   The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names.  PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named DEFENDANTS are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner.  PLAINTIFF will seek leave to amend this Complaint when the true names, capacities, participation and responsibilities have been ascertained.

**STATEMENT OF FACTS**

11.   Plaintiff, ROBIN WARD, is a former employee of Defendant where she worked as a machine operator.  She was employed by Defendant from February 10, 2018 to September 16, 2021.

12.   On or about September 14, 2021, Ms. Ward tripped and fell while at work.

13.   Ms. Ward immediately reported the accident to the safety team.

14.   Ms. Ward's employer called a cab, which transported her to the Renown Hospital Emergency Room where doctors diagnosed her with a fractured humerus.

15.   While Plaintiff was in the emergency room, a Renown nurse or nurse assistant named Olga, (last name unknown) asked Plaintiff if she could collect a urine specimen.

16.   Plaintiff agreed to the request and submitted three urine specimens as directed.

17.   Plaintiff also submitted to a Breathalyzer test, which she passed.

18.   Renown released Plaintiff from the hospital with restrictions.

19.   On or about September 17, 2021, Chris Tran in Human Resources notified Plaintiff that she was discharged because she had refused a urine test at the hospital.

20.   When Plaintiff disputed Mr. Tran's representations, informing him that she had never refused any tests at the hospital, Mr. Tran suspended her pending investigation.

21. On or about September 18, 2021, Mr. Tran discharged Plaintiff.

22. Plaintiff never refused to submit to any tests.

23. A clear nexus exists between Ms. Ward's workplace injury and her sudden discharge in employment.

24. The despicable tactics of DEFENDANT caused a substantial burden to MS. Ward's rights and caused Plaintiff to suffer significant emotional distress, embarrassment, and humiliation, in addition to financial loss.

**COUNT I
INTERFERENCE, DISCRIMINATION AND RETALIATION
WITH FAMILY MEDICAL LEAVE
Family Medical Leave Act (29 U.S.C. §2601 et seq.)
(Against All Defendants)**

25. Plaintiff, ROBIN WARD, hereby incorporates paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26. Ms. Ward's fractured shoulder, incurred during the course and scope of employment for Defendant Panasonic, was a "serious health condition," defined by the statute as an illness, injury, impairment or physical or mental condition that involves either 1) inpatient care in a hospital or other care facility, or 2) continuing treatment by a health care provider.

27. As Ms. Ward's injury occurred during the course and scope of her employment with Defendant, Defendant PANASONIC was on immediate notice of Ms. Ward's injury and her need for leave.

28. Ms. Ward was required to timely notify DEFENDANT of the need for leave, but Ms. Ward was not required to specify that the leave was sought under the FMLA, nor was Ms. Ward required to mention that Act in the notice. Additionally, Ms. Ward was not required to provide the exact dates or duration of the leave requested. Moreover, Ms. Ward was not required to give DEFENDANT a formal written request for anticipated leave. Simple verbal notice was provided and sufficient when a written request was not available.

29. DEFENDANT interfered with Ms. Ward's exercise of her right to take unpaid intermittent and consecutive leave from work as authorized by the Family Medical Leave Act (29

1  U.S.C. §2601 et seq.) by, but not limited to, discharging her from employment two days after her
2  work accident.
3     30.   DEFENDANTS' unlawful discrimination against Ms. Ward consisted of treating
4  Ms. Ward differently based on her use of leave authorized by the FMLA related to employment,
5  including recruitment, hiring, assignments, discipline, promotion, and benefits as set forth herein.
6     31.   DEFENDANT discriminated against Ms. Ward for her exercise of her right to
7  take unpaid consecutive leave from work as authorized by the Family Medical Leave Act (29
8  U.S.C. §2601 et seq.) by, but not limited to, discharging Ms. Ward within forty-eight hours of her
9  work injury.  These actions prejudiced Ms. Ward in her utilization of her FMLA benefits.
10    32.   DEFENDANT retaliated against Ms. Ward's right to take unpaid intermittent and
11  consecutive leave from work in violation of the Family Medical Leave Act (29 U.S.C. §2601 et
12  seq.) by terminating her employment for her attempted and intended use of FMLA leave.
13    33.   Ms. Ward's claims that her exercise of her right to take unpaid leave from work as
14  authorized by the FMLA was either the sole reason or a motivating factor for DEFENDANT'S
15  decision to terminate her employment.
16    34.   As a proximate result of DEFENDANT'S discriminatory actions, MS. WARD has
17  suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional
18  distress.  As a result of those actions and consequent harms, MS. WARD has suffered such
19  damages in an amount to be proven at trial.

**COUNT II**
**INTERFERENCE, DISCRIMINATION AND RETALIATION**
**WITH AMERICANS WITH DISABILITIES ACT**
**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**
**NV Rev. Stat. §613.330 et seq.**
**(Against All Defendants)**

23    35.   Plaintiff hereby incorporates paragraphs 1 through 34 of this Complaint as though
24  fully set forth herein.
25    36.   At all times material hereto, Ms. Ward was an employee covered
26  by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA 42
27  U.S.C.§ 12111(4)).
28    37.   At all times material hereto, Ms. Ward was and is an individual with a

5

disability within the meaning of §3(2) of the ADA, 42 U.S.C §12102(2).

38. Ms. Ward is a qualified individual with a disability as that term is defined in the ADA, 42 U.S.C. §12111(8).

39. Defendant was aware of Plaintiff's work injury.

40. Defendant's discrimination of Ms. Ward began immediately after Defendant learned of her disability.

41. Ms. Ward's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant's decision to discharge her.

42. Defendant's actions were intentional, willful, malicious and/or done with reckless disregard for Ms. Ward's federally protected rights.

43. Defendant, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant as described above thereby ratifying the unlawful conduct of its agents or supervisors.

44. As a direct and proximate result of Defendant's violation of Ms. Ward's rights as alleged, Ms. Ward's terms, conditions, and privileges of employment were adversely affected.

45. As a direct and proximate result of Defendant's wrongful acts and omissions, Ms. Ward has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

46. Ms. Ward requests relief as described in the Prayer for Relief below.

**COUNT III
DISABILITY DISCRIMINATION - RETALIATION
Americans with Disabilities Act (42 U.S.C. §12101 et seq.)
NV Rev. Stat 613.330 et seq.
(Against All Defendants)**

47. Plaintiff hereby incorporates paragraphs 1 through 46 of this Complaint as though fully set forth herein.

/ / /

/ / /

48. Ms. Ward engaged in an activity protected under federal and state laws, including requesting an accommodation for a disability. In return, Defendant retaliated against MS. WARD by manufacturing disciplinary measures in order to discharge her from employment.

49. Ms. Ward's disability was a motivating factor for Defendant's decision to terminate her employment.

50. Ms. Ward was subjected to the adverse employment action described herein because she requested a reasonable accommodation. Defendant reacted by depriving her of her rights and benefits under the Americans with Disabilities Act (42 U.S.C. §12101 et seq.) by terminating her.

51. Ms. Ward was subjected to the adverse employment action described herein because of her participation in the protected activity and the adverse employment action would not have occurred but for that participation.

52. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination and retaliation against Ms. Ward, Ms. Ward has suffered and will continue to suffer pain, humiliation and emotional distress.

53. Ms. Ward has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Ms. Ward is thereby entitled to general and compensatory damages in amounts to be proven at trial.

54. Defendant intentionally, voluntarily, deliberately, and willfully discriminated against Ms. Ward by depriving of or interfering with Ms. Ward's rights and benefits under the American with Disabilities Act (42 U.S.C. §12101 et. seq.).

55. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Ms. Ward's federally protected rights.

56. Ms. Ward requests relief as described in the Prayer for Relief below.

### COUNT IV
### TORTIOUS DISCHARGE
### (Against All Defendants)

57. Plaintiff hereby incorporates paragraphs 1 through 56 of this Complaint as though fully set forth herein.

58.  Nevada worker's compensation laws reflect a clear public policy favoring economic security for employees injured while in the course and scope of their employment. *Hansen v. Harrah's* 100 Nev. 60, 675 P.2d 394 (1984).

59.  A retaliatory discharge of an employee in reaction to the filing of a workmen's compensation claim is actionable in tort. *Hansen v. Harrah's*, 100 Nev. 60, 675 P.2d 394 (1984).

60.  Defendant's unlawful actions were intentional, malicious, oppressive and/or fraudulent.

61.  Plaintiff requests relief as described in the Prayer for Relief below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ROBIN WARD, prays that this Court grant the following relief:

1. Grant economic loss including front and back pay, plus interest.
2. Grant general and special damages in amounts according to proof.
3. Grant liquidated damages in amounts according to proof.
4. Grant punitive damages.
5. Reasonable attorneys' fees pursuant to 29 U.S.C. §2617(a)(3), and other applicable statutes.
6. Grant costs of suit incurred herein; and
7. Grant such other and further relief as the court deems just and proper.

DATED: September 26, 2022

SANTOS LAW, PLLC.

By: /s/ Theresa M. Santos
CORY A. SANTOS SR., ESQ.
THERESA M. SANTOS, ESQ.
One East First Street, Ste. 1000
Reno, NV 89501
Attorneys for Plaintiff, Robin Ward

**REQUEST FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38(b) and 42 U.S.C. §1981a, PLAINTIFF demands a trial by jury in this action on all issues so triable.

DATED: September 26, 2022

SANTOS LAW, PLLC.

By: /s/ Theresa M. Santos
CORY A. SANTOS, ESQ.
THERESA M. SANTOS, ESQ.
One East First Street, Ste. 1000
Reno, NV 89501
Attorneys for Plaintiff, Robin Ward